IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JOSEPH KWIECINSKI,**          3:14-CV-01512-BR

      Plaintiff,          OPINION AND ORDER

v.

**MEDI-TECH INTERNATIONAL CORP.**, a Delaware corporation,

      Defendant.


**DONALD B. POTTER**
Spaulding & Potter LLP
3236 S.W. Kelly Avenue
Suite 101
Portland, OR 97239
(503) 223-2612

      Attorneys for Plaintiff

**DANIEL J. NICHOLS**
Gordon & Rees LLP
121 S.W. Morrision
Suite 1575
Portland, OR 97204
(503) 222-1075

      Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Medi-Tech International Corp.'s Motion (#6) to Dismiss Amended Complaint. For the reasons that follow, the Court **DENIES** Defendant's Motion.

## BACKGROUND

The following facts are taken from the Complaint, the Amended Complaint, and the parties' materials related to Defendant's Motion to Dismiss.

At some point before July 20, 2012, Plaintiff Joseph Kwiecinski, an Oregon resident, was interviewed by telephone and videoconference in Oregon by Defendant, a Delaware corporation with its principal place of business in New York, for a position as a sales representative for Defendant's Northwest territory, which includes Oregon, Washington, Alaska, Montana, and Idaho.

In July 2012 Defendant offered Plaintiff the sales-representative position over the telephone while Plaintiff was in Oregon.

On July 20, 2012, Defendant emailed Plaintiff an employment agreement. Plaintiff signed the employment agreement at his residence in Oregon and emailed it to Defendant. The employment agreement included the following forum-selection clause:

> Should any legal dispute, pursuant to this contract, be filed against either party, all disputes must be filed in the State of New York,

2 - OPINION AND ORDER

>    Supreme Court, County of Kings and all disputes
>    will be governed by appropriate New York State
>    law.

Decl. of Millard Roper, Ex. A at 2.

On August 20, 2012, Plaintiff began working for Defendant out of an office in his home in Oregon. In August 2012 Plaintiff traveled to the New York City metropolitan area for in-service training.

On August 22, 2012, while on the in-service training trip, Plaintiff was a passenger in a car driven by a coworker that was rear-ended by a third party. Plaintiff suffered unspecified injuries. Plaintiff "quickly" informed Randy Walsh, Defendant's Vice President of Sales, about Plaintiff's injuries. Plaintiff, however, did not immediately seek medical attention because he believed at that time that his injuries were not severe.

Over the two days following the accident Plaintiff did not recover fully from his injuries and advised his "superiors" that he needed to see a doctor. Plaintiff, however, was unable to see a doctor before his August 24, 2012, flight back to Oregon.

On August 24, 2012, Plaintiff left messages for George Fortunato, Defendant's President, that he might have a worker's compensation claim.

On August 27, 2012, Fortunato allegedly advised Plaintiff in a telephone conversation to have any doctor bills arising from the accident sent directly to Fortunato for payment. Fortunato

3 - OPINION AND ORDER

allegedly advised Plaintiff that he did not want any worker's compensation claims made against Defendant and indicated Plaintiff would be terminated if he filed a worker's compensation claim.

In September 2012 Plaintiff received a letter from the insurance company of the co-worker who was driving the car informing Plaintiff that he needed to file a workers' compensation claim. On September 26, 2012, Plaintiff filed a workers' compensation claim in New York.

On October 29, 2012, Walsh telephoned Plaintiff and told him that his employment was terminated.

On November 1, 2012, Plaintiff received a letter at his Oregon address from Walsh terminating Plaintiff's employment as of October 29, 2012.

On February 22, 2013, Plaintiff filed a workers' compensation claim in Oregon.

On March 4, 2013, the Workers' Compensation Board for the State of New York held a hearing on Plaintiff's claim. Roper Decl., Ex. C at 1. Plaintiff participated by telephone.

On March 7, 2013, the New York Workers' Compensation Board issued a Notice of Decision in which it appears to have closed the matter and noted Plaintiff was to "reopen case with counsel. No further action is planned by the Board at this time." Roper Decl., Ex. C at 1.

4 - OPINION AND ORDER

On September 23, 2014, Plaintiff filed an action in this Court against Defendant alleging claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040, failure to pay wages in violation of Oregon's wage-and-hour laws, and failure to pay final wages in violation of Oregon's wage-and-hour laws.

On December 15, 2014, before Defendant filed an Answer, Plaintiff filed an Amended Complaint in which he alleged claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040 and failure to pay final wages in violation of Oregon's wage-and-hour laws.

Defendant filed a Motion to Dismiss Amended Complaint for lack of personal jurisdiction and/or on the ground that venue is not proper in Oregon.  On April 17, 2015, the Court heard oral argument on Defendant's Motion.  At oral argument Plaintiff voluntarily dismissed his claim against Defendant for failure to pay final wages in violation of Oregon's wage-and-hour laws, the Court denied Defendant's Motion to Dismiss for lack of personal jurisdiction, and the Court directed the parties to file simultaneous briefs on the Motion to Dismiss the remaining claim for workers' compensation discrimination for lack of venue.

On April 27, 2015, the parties filed supplemental briefs, and the Court took this matter under advisement.

## STANDARDS

"A defendant may raise a Rule 12(b)(3) motion to dismiss for improper venue in its first responsive pleading or by a separate pre-answer motion." *Design Res., Inc. v. Leather Indus. of Am., Inc.*, No. C09-611RSM, 2010 WL 342181, at *1 (W.D. Wash. Jan. 21, 2010)(citing Fed. R. Civ. P. 12(b)(3)). Plaintiff bears the burden to establish venue is proper. *Id.* (citing *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). "When deciding a motion under Fed. R. Civ. P. 12(b)(3), the Court need not accept the pleadings as true, and may consider facts outside of the pleadings." *Id.*, at *2 (citing *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996)).

## DISCUSSION

Defendant moves to dismiss this matter for improper venue pursuant to Rule 12(b)(3) on the ground that Plaintiff's claims for wrongful termination for filing a workers' compensation claim and for failure to pay final wages are governed by Plaintiff's employment agreement, which included a forum-selection clause providing for the resolution of disputes in New York.

### A. Applicable law

The Ninth Circuit applies "federal law in interpreting . . . forum selection clause[s]." *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011)(citing *Doe 1 v. AOL LLC*, 552 F.3d

1077, 1081 (9th Cir. 2009)). Under federal law "[t]he plain language of the contract should be considered first with the understanding that the common or normal meaning of language will be given to the words of a contract unless circumstances show that in a particular case a special meaning should be attached to it." *Id.* (quotations omitted).

**B. Analysis**

As noted, the employment agreement signed by Plaintiff included the following forum-selection clause:

> Should any legal dispute, pursuant to this contract, be filed against either party, all disputes must be filed in the State of New York, Supreme Court, County of Kings and all disputes will be governed by appropriate New York State law.

Plaintiff's remaining claim for workers' compensation discrimination is a statutory claim rather than a contract claim. The Ninth Circuit, however, has held "in some circumstances, a contractual forum selection clause may also apply to related non-contract claims." *Petersen v. Boeing Co.*, 715 F.3d 276, 283 n.7 (9th Cir. 2013). Specifically, contractual forum-selection clauses may apply to noncontract claims "only when 'resolution of the [noncontract] claims relates to interpretation of the contract.'" *Id.* (quoting *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 (9th Cir. 1988)). Resolution of non-contract claims "relate to" interpretation of the contract when the noncontract "claims require interpretation of the contract";

7 - OPINION AND ORDER

*i.e.*, the non-contract claims "cannot be adjudicated without analyzing whether the parties were in compliance with the contract." *Manetti-Farrow*, 858 F.2d at 514 (citation omitted).

To establish a *prima facie* claim for workers' compensation discrimination under Oregon law a plaintiff must show

> (1) that the plaintiff invoked the workers' compensation system; (2) that the plaintiff was discriminated against in the tenure, terms or conditions of employment; and (3) that the employer discriminated against the plaintiff in the tenure or terms of employment because he or she invoked the workers' compensation system.

*Kirkwood v. Western Hyway Oil Co.*, 204 Or. App. 287, 293 (2006)(quotation omitted).  If a plaintiff makes out a *prima facie* claim of workers' compensation discrimination, the employer must then "articulate some legitimate nondiscriminatory reason for the adverse employment action." *Cox v. Wal-Mart Stores Inc.* 441 F. App'x 547, 551 (9th Cir. 2011)(citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Defendant asserts Plaintiff's workers' compensation discrimination claim relates to the employment agreement, and, therefore, this matter must be filed in New York.  Specifically, Defendant asserts Plaintiff was a probationary employee pursuant to the employment contract at the time of his termination; Plaintiff did not comply with the terms of his probationary employment; and, therefore, Defendant was entitled to terminate

8 - OPINION AND ORDER

Plaintiff's employment.  Defendant further asserts litigation of Plaintiff's compliance with the probationary terms of his employment will require reference to the employment agreement, and, therefore, Plaintiff's worker's compensation discrimination claim "relates to" the employment agreement and the forum-selection clause applies.  Defendant cites a number of cases to support its argument, but they are distinguishable.  For example, in *Sheasly v. Orr Felt Company* the plaintiff brought an action against his employer asserting claims for disability discrimination in violation of Oregon Revised Statute § 659A.100 and wrongful termination to prevent him from receiving welfare plan benefits.  No. 10-CV-956-PK, 2010 WL 4273230, at *1 (D. Or. Oct. 25, 2010).  The defendant filed a motion to dismiss for improper venue on the ground that the plaintiff was employed pursuant to an employment agreement with a forum-selection clause that required the action to be filed in Ohio.  The forum-selection clause provided in pertinent part:

> [The plaintiff] and [the defendant] hereby agree that any dispute *arising under* this Agreement shall be determined in the Common Pleas Court of Miami County, State of Ohio or in Federal District Court for the Southern District of Ohio, Western Division, and that no action shall be filed in any other court pertaining to any dispute *arising out of or connected with* this Agreement.

*Id.*, at *2 (emphasis in original).  With respect to interpretation of the language of the forum-selection clause the court held:

9 - OPINION AND ORDER

> [I]f the disjunctive "or" in the operative
> language of the clause's second provision ("any
> dispute arising out of *or* connected with [the
> Employment Agreement]") is to be given its common
> or normal meaning, or indeed any meaning at all,
> then "any dispute arising out of" must necessarily
> mean something different from "any dispute . . .
> connected with."  More specifically, giving the
> words of the two phrases their common or normal
> meaning, the latter phrase must necessarily
> encompass claims with a more attenuated connection
> to the Employment Agreement than claims strictly
> "arising out of" the agreement.

*Id.*, at *4.  Applying that interpretation to the plaintiff's claims, the court held:

> [B]oth [the plaintiff's] ERISA claim and his
> perceived disability claim are factually premised
> on the termination of his employment relationship
> with [the defendant].  Although the parties'
> employment relationship could have arisen
> independently of the Employment Agreement, in fact
> it did not; instead, the parties' employment
> relationship was both created and governed by the
> terms of the Employment Agreement.  Because [the
> plaintiff's] claims are premised on the
> termination of a relationship created and governed
> by the Employment Agreement, they are necessarily
> "connected with" it, *although they do not "aris[e]
> under" it*.  [The plaintiff's] claims are therefore
> within the scope of the second provision of the
> forum selection clause . . ., although not within
> the scope of the provision's first clause.

*Id.*, at *5 (emphasis added).

Here the forum-selection clause limits its applicability to legal disputes "pursuant to this contract." This language is similar to the limited "arising under" language in *Sheasly* and not as broad as the additional contractual provision in *Sheasly* that also subjected disputes "connected

10 - OPINION AND ORDER

with" the agreement to the forum-selection clause. Thus, the court's holding in *Sheasly* that the plaintiff's claims were subject to the forum-selection clause only under the broader "connected with" provision suggests Plaintiff's claim here would not be subject to the forum-selection clause.

Similarly, in *Slater v. Energy Services Group International, Inc.*, the plaintiff brought an action against her employer for violation of Title VII, 42 U.S.C. § 2000e; the Florida Civil Rights Act, Fla. Stat. § 760.01, *et seq.* (FCRA); and the Florida Whistleblower Act, Fla. Stat. § 448.102 (FWA). 634 F.3d 1326 (11th Cir. 2011). The district court dismissed the plaintiff's claims on the ground of improper venue based on a forum-selection clause in the plaintiff's employment agreement. The forum-selection clause provided in pertinent part: "The parties agree that all claims or causes of action relating to or arising from this Agreement shall be brought in a court in the City of Richmond, Virginia." *Id*. at 1328-29. The Eleventh Circuit affirmed the district court and noted the phrase "relating to" in the forum-selection clause indicated the clause applied to "all claims arising 'directly or indirectly' from the relationship evidenced by the contract." *Id*. at 1331. Because the plaintiff asserted the defendant "violated its employment obligations by discriminating and retaliating against her," the court concluded her claims arose indirectly from the relationship

11 - OPINION AND ORDER

evidenced by the contract.  *Id*.

Here, as noted, the forum-selection clause applies only to disputes "pursuant to the contract."  The forum-selection clause does not contain any broader language or provision for disputes "related to" or "connected with" the employment relationship.  The court's conclusion in *Slater*, therefore, suggests Plaintiff's workers' compensation discrimination claim is not within the ambit of the forum-selection clause.

Defendant cites two other cases in support of its assertion that Plaintiff's claim for workers' compensation discrimination is subject to the forum-selection clause: *Martinez v. Bloomber, LP*, 740 F.3d 211 (2d Cir. 2014), and *Enriquez v. Seaton, LLC,* No. 13-1474- RDR, 2014 WL 791161 (D. Kan. Feb. 27, 2014).  In *Martinez* the court applied English law and in *Enriquez* the court applied Kansas law.  These cases, therefore, are inapplicable.

Plaintiff relies on *Shapiro v. American Bank* to support his assertion that his workers' compensation discrimination claim is not subject to the forum-selection clause.  No. 3:12-CV-01358-AC, 2013 WL 4095246 (D. Or. Aug. 8, 2013).  In *Shapiro* the plaintiff brought an action against her employer for violation of Oregon's Whistleblowing Statute, Oregon Revised Statute § 659A.199, and for discrimination under Oregon Revised Statute § 659A.230 based on the plaintiff reporting criminal conduct.

12 - OPINION AND ORDER

The defendant moved to dismiss the action for improper venue on the ground that the plaintiff's employment contract contained the following forum-selection clause: "This Agreement shall be governed by, construed and interpreted in accordance with laws of the State of Maryland. . . . Employee agrees that he or she will be subject to the jurisdiction of and appear in Maryland federal and state courts." *Id*., at *1. The court held the plaintiff's claims were not subject to the forum-selection clause:

> Missing from the agreement here is the more inclusive language often found in employment contracts that covers all claims arising in the scope of employment, without qualification. Thus, the express terms of the employment contract limit the scope of the governing law provision to the Agreement. In fact, the language in the forum selection clause here is as restrictive as instances in which the parties agree to litigate in a particular forum claims "arising under" the agreement. *See Mediterranean Enter., Inc. v. Ssanyong Corp.*, 708 F.2d 1458, 1464 (9th Cir. 1983)("We have no difficulty finding that 'arising under' is intended to cover a much narrower scope of disputes, *i.e.*, only those relating to the interpretation and performance of the contract itself."). Neither the express provisions of Shapiro's employment contract nor the implementing language of the forum selection clause contemplate Shapiro's claims here.

*Id*., at *6. The court distinguished the forum-selection clause at issue with the clause in *Slater*:

> *Slater* can be distinguished from the case at hand, however, because the forum selection clause in the employment contract in *Slater* was much broader in scope than the forum selection clause in the employment contract in this case. *Id*. at 1329. Because the forum selection clause in the contract in question in *Slater* governed the entirety of the

13 - OPINION AND ORDER

> employment relationship between the plaintiff and
> her employer, the Eleventh Circuit found "the
> clause is expressly applicable to 'all claims or
> causes of action relating to or arising from [the
> employment agreement].' This includes all claims
> arising 'directly or indirectly from the
> relationship by the contract." *Id*. at 1331
> (citation omitted). This language is much broader
> than the language used in the forum selection
> clause here, which expressly governs only claims
> arising from the employment contract, and is
> silent as to claims relating to the contract.

*Id*., at *7.

The Court finds the language of the forum-selection clause here to be similar to the restrictive language in *Shapiro* rather than the broad language in *Sheasley* and *Slater*. Like the court in *Shapiro*, this Court concludes Plaintiff's claim for workers' compensation discrimination can "be adjudicated without analyzing whether the parties were in compliance with the contract." *See Manetti-Farro*, 858 F.2d at 514. The Court, therefore, concludes Plaintiff's claim for workers' compensation discrimination is not subject to the forum-selection clause found in his employment agreement.

Accordingly, the Court denies Defendant's Motion to Dismiss Amended Complaint.

## CONCLUSION

For these reasons, the Court **DENIES** Motion (#6) to Dismiss

Amended Complaint.

<u>Case Management Directions</u>:  Defendant must file its Answer to Plaintiff's Amended Complaint no later than July 10, 2015.  The parties must confer concerning a case-management schedule and submit no later than July 17, 2015, a JOINT STATUS REPORT outlining a schedule they propose for discovery, motion practice, and trial and to address any other scheduling matters they anticipate.  The Court will set a Rule 16 conference to discuss the parties' proposals after July 17, 2015.

IT IS SO ORDERED.

DATED this 25th day of June, 2015.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER