IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH KWIECINSKI,                         3:14-CV-01512-BR

       Plaintiff,                         OPINION AND ORDER

v.

**MEDI-TECH INTERNATIONAL
CORP.**, a Delaware
corporation,

       Defendant.


**DONALD B. POTTER**
Spaulding & Potter LLP
3236 S.W. Kelly Avenue
Suite 101
Portland, OR 97239
(503) 223-2612

       Attorneys for Plaintiff

**DANIEL J. NICHOLS**
Gordon & Rees LLP
121 S.W. Morrision
Suite 1575
Portland, OR 97204
(503) 222-1075

       Attorneys for Defendant


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Medi-Tech International Corp.'s Motion (#42) for Summary Judgment. For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## BACKGROUND

The following facts are taken from Plaintiff's Complaint, the Amended Complaint, and the parties' materials related to Defendant's Motion for Summary Judgment.

On July 20, 2012, Plaintiff Joseph Kwiecinski, an Oregon resident, was hired as a sales representative for Defendant's Northwest territory, which includes Oregon, Washington, Alaska, Montana, and Idaho. Defendant is a Delaware corporation with its principal place of business in New York.

On August 20, 2012, Plaintiff began working for Defendant out of an office in his home in Oregon. On August 20, 2012, Plaintiff traveled to the New York City metropolitan area for training.

On August 22, 2012, Plaintiff was a passenger in a car driven by a coworker that was rear-ended by a third party. Plaintiff suffered unspecified injuries. Plaintiff "quickly" informed Randy Walsh, Defendant's Vice President of Sales, about Plaintiff's injuries. Plaintiff, however, did not immediately seek medical attention because he believed at the time that his

injuries were not severe.

Over the two days following the accident Plaintiff did not recover from his injuries and advised his "superiors" that he needed to see a doctor.  Plaintiff, however, was unable to see a doctor before his August 24, 2012, flight back to Oregon.

On August 24, 2012, Plaintiff left voice messages for George Fortunato, Defendant's President, asking him to call Plaintiff about events in New York.  Plaintiff testified at deposition that he wanted to talk to Fortunato about whether Plaintiff should file a New York workers' compensation claim because Plaintiff had been advised by "the people [he] had worked for" that Fortunato had "lots of workmen's comp . . . and non-workmen's comp [experience]."  Pl.'s Depo. at 23.

On August 27, 2012, Fortunato returned Plaintiff's calls.  At his deposition Plaintiff testified as follows regarding his conversation with Fortunato:

> It wasn't, hey, George, I have to file a workers' comp, because I'm not even sure I actually knew totally about it.  I mean, the minute we got in an accident, all these insurance companies are calling me.  New York's the craziest thing ever, I think.  So they are all calling me.  I didn't know what to do. . . .  [W]hoever was my boss, said, hey, ask George [Fortunato], he'll answer the questions.  And that's where we kind of went on a -- had a little conversation about it.

Pl.'s Depo. at 24.  Plaintiff testified he and Fortunato did not "talk about the accident itself and whether . . . it was a workers' comp claim" nor did Plaintiff ask Fortunato "whether

3 - OPINION AND ORDER

. . . this is a [New York] workers' comp claim." *Id*. Plaintiff, however, also testified:

> A.  [Fortunato] said, Joe, if you file a workers' comp claim, I physically can't pay you any more.
>
> Q.  I see.  Meaning he can't pay you your salary?
>
> A.  Right.
>
> Q.  Did he explain why?
>
> A.  No.  I didn't -- after that . . . I did not expand on those questions, and that's when he went on to [say] you need to send me all your bills, I'll pay your bills; and if you don't do that you basically won't be here anymore.

Pl.'s Depo. at 25.  The parties do not dispute the content of Plaintiff's telephone conversation with Fortunato, but only the implication of Fortunato's statements.  According to Plaintiff, he believed Fortunato was threatening his job if he filed a New York workers' compensation claim.  Fortunato, however, believed Plaintiff was only calling him for advice.[1]

On September 24, 2012, Plaintiff filed a workers' compensation claim in New York.  Plaintiff described the incident in his Workers' Compensation Claim Form as follows:

> We had just left a customer and were on own [*sic*] way for some personal errands.  It was my first

---

[1] Defendant asserts Fortunato's comment was a correct statement of New York State Workers Compensation law, which provides "[a]n employer may withhold payments while seeking review by the [Workers Compensation] Board" when a claim is expected to be controverted.  *Jasmine v. Rainbow Grill*, 496 N.Y.S. 2d 788, 790 (1985).

4 - OPINION AND ORDER

>           time to NYC and wanted to see the statue of
>           Liberty. We were not working at the time. . . .
>           After the accident we went to lunch and the Statue
>           of Liberty and called it a day.  The only reason
>           we were on that particular road was to get [*sic*]
>           the Statue of Liberty.

Pl.'s Depo., Ex. 9.

On September 26 and 27, 2012, Defendant received Plaintiff's New York workers' compensation claim.

On October 29, 2012, Walsh telephoned Plaintiff and told him that his employment was terminated.

On November 1, 2012, Plaintiff received a letter from Walsh terminating Plaintiff's employment as of October 29, 2012.

On February 22, 2013, Plaintiff filed a workers' compensation claim in Oregon.

On March 4, 2013, the New York Workers' Compensation Board held a hearing on Plaintiff's claim.

On March 7, 2013, the New York Workers' Compensation Board issued a Notice of Decision in which it closed the matter and noted Plaintiff was to "reopen case with counsel.  No further action is planned by the Board at this time."  Decl. of Millard King Roper, Ex. C at 1.

On September 23, 2014, Plaintiff filed an action in this Court against Defendant alleging claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040, failure to pay wages in violation of Oregon's wage-and-hour laws, and failure to pay final wages in violation of Oregon's wage-and-

5 - OPINION AND ORDER

hour laws.

On December 15, 2014, before Defendant filed an Answer, Plaintiff filed an Amended Complaint in which he alleged claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040 and failure to pay final wages in violation of Oregon's wage-and-hour laws.

On December 29, 2014, Defendant filed a Motion to Dismiss Amended Complaint for lack of personal jurisdiction and/or on the ground that venue was not proper in Oregon. On April 17, 2015, the Court heard oral argument on Defendant's Motion. At oral argument Plaintiff voluntarily dismissed his claim against Defendant for failure to pay final wages in violation of Oregon's wage-and-hour laws, the Court denied Defendant's Motion to Dismiss for lack of personal jurisdiction, and the Court directed the parties to file simultaneous briefs on the Motion to Dismiss the remaining claim for workers' compensation discrimination on the basis of improper venue.

On April 27, 2015, the parties filed supplemental briefs.

On June 25, 2015, the Court issued an Opinion and Order in which it denied Defendant's Motion to Dismiss the remaining claim for workers' compensation discrimination.

On August 28, 2015, Plaintiff filed a Second Amended Complaint against Defendant alleging claims for workers' compensation discrimination in violation of Oregon Revised

Statute § 659A.040 and wrongful discharge and reviving his claim for failure to pay final wages in violation of Oregon's wage-and-hour laws.

On February 12, 2016, Defendant filed a Motion for Summary Judgment in which it seeks summary judgment as to Plaintiff's claims for workers' compensation discrimination in violation of § 659A.040 and wrongful discharge.

## **STANDARDS**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Washington Mut. Ins. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). *See also* Fed. R. Civ. P. 56(a). The moving party must show the absence of a dispute as to a material fact. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine dispute as to a material fact for trial. *Id*. "This burden is not a light one . . . . The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).

A dispute as to a material fact is genuine "if the evidence

7 - OPINION AND ORDER

is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  The court must draw all reasonable inferences in favor of the nonmoving party.  *Sluimer v. Verity, Inc.*, 606 F.3d 584, 587 (9th Cir. 2010).  "Summary judgment cannot be granted where contrary inferences may be drawn from the evidence as to material issues."  *Easter v. Am. W. Fin.*, 381 F.3d 948, 957 (9th Cir. 2004)(citation omitted).  A "mere disagreement or bald assertion" that a genuine dispute as to a material fact exists "will not preclude the grant of summary judgment."  *Deering v. Lassen Cmty. Coll. Dist.*, No. 2:07-CV-1521-JAM-DAD, 2011 WL 202797, at *2 (E.D. Cal., Jan. 20, 2011)(citing *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989)).  When the nonmoving party's claims are factually implausible, that party must "come forward with more persuasive evidence than otherwise would be necessary."  *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1137 (9th Cir. 2009)(citation omitted).

    The substantive law governing a claim or a defense determines whether a fact is material.  *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment.  *Id*.

**DISCUSSION**

As noted, Defendant moves for summary judgment as to Plaintiff's claims for workers' compensation discrimination in violation of § 659A.040 and wrongful discharge.

## I.   Plaintiff's Claim for Workers' Compensation Discrimination

In his claim for workers' compensation discrimination Plaintiff alleges Defendant violated § 659A.040 when it "terminat[ed] Plaintiff from employment on October 29, 2012 in substantial part because Plaintiff filed a workers' compensation claim and otherwise invoked the workers' compensation system." Second Am. Compl. at ¶ 16.

Defendant moves for summary judgment on this claim based on the fact that Plaintiff, at the time of his termination, had only applied for or invoked the benefits of the New York workers' compensation system and § 659A.040 protects only employees who apply for or invoke the benefits of the Oregon workers' compensation system.  Plaintiff, however, asserts § 659A.040 is intended to protect Oregon workers who invoke or apply for the benefits from the workers' compensation system of any state. Plaintiff's argument, however, is not well-taken.

Oregon Revised Statute § 659A.040(1) provides in pertinent part:

> It is an unlawful employment practice for an employer to discriminate against a worker with respect to hire or tenure or any term or condition of employment because the worker has applied for

9 - OPINION AND ORDER

>       benefits or invoked or utilized the procedures
>       provided for in ORS chapter 656.

Courts have interpreted § 659A.040 to protect only workers who apply for, invoke, or utilize the procedures of the Oregon workers' compensation system.  *See, e.g., Jenkins v. Vestas-American Wind Tech., Inc.*, No. 3:12-cv-01758-AA, 2014 WL 136497149, at *5 (D. Or. Apr. 4, 2014)("Oregon's workers' compensation statute, Or. Rev. Stat. § 659A.040(1), only protects employees who apply for benefits under Oregon law."); *Anderson v. Hibu, Inc.*, 26 F. Supp. 3d 1019, 1025 (D. Or. 2014)("O.R.S. § 659A.040(1), like O.R.S. § 659A.109, prohibits 'discrimination' with 'respect to hire or tenure or condition of employment because' a person has applied for benefits or invoked Oregon statutory procedures.").  The Court finds the reasoning of *Jenkins* and *Anderson* to be well- supported by the language of § 659A.040 as well as § 659A as a whole and adopts that reasoning.

At the time of Plaintiff's discharge he had applied for and/or invoked only the benefits of the New York workers' compensation system.  The Court, therefore, concludes Plaintiff has not established Defendant violated § 659A.040.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's claim for workers' compensation discrimination in violation of § 659A.040.

**II. Plaintiff's Claim for Wrongful Discharge**

In his claim for wrongful discharge Plaintiff alleges Defendant wrongfully discharged him in substantial part for invoking or "otherwise taking action in pursuit of" a workers' compensation claim.

**A. Standards**

Under Oregon law an employer may discharge an employee at any time for any reason unless doing so violates a contractual, statutory, or constitutional requirement. *Yeager v. Providence Health Sys. Or.*, 195 Or. App. 134, 140 (2004). The tort of wrongful discharge is a narrow exception to this general rule. *See Dew v. City of Scappoose*, 208 Or. App. 121, 140 (2006). The tort of wrongful discharge was not intended to be a tort of general application but rather an interstitial tort to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *Reddy v. Cascade Gen., Inc.*, 227 Or. App. 559, 567 (2009)(citation omitted). Oregon courts have recognized two circumstances that give rise to the common-law tort of wrongful discharge: (1) discharge for exercising a job-related right of important public interest and (2) discharge for complying with a public duty.

**B. Analysis**

Defendant seeks summary judgment on Plaintiff's claim for wrongful discharge on the ground that Plaintiff has an

11 - OPINION AND ORDER

adequate statutory remedy.

As noted, Plaintiff did not file or otherwise take any action in pursuit of his Oregon workers' compensation claim until after he was terminated. Plaintiff's claim for wrongful discharge, therefore, involves his discharge allegedly for invoking the New York workers' compensation system. Plaintiff asserts if this Court concludes Plaintiff has not established a violation of Oregon Revised Statute § 659A.040, he does not have an adequate statutory remedy and, therefore, may bring a claim for wrongful discharge. Plaintiff also asserts the Court may consider only whether Plaintiff has an adequate remedy under Oregon statutes when deciding whether Plaintiff can bring a claim for wrongful discharge. Defendant, however, asserts New York provides an adequate remedy for Defendant's alleged wrongful termination of Plaintiff based on Plaintiff invoking the New York workers' compensation system.

In *Jenkins* the plaintiff sustained a knee injury and filed a workers' compensation claim in Texas where he resided. The defendant terminated the plaintiff's employment after he filed his Texas workers' compensation claim. The plaintiff then filed an action in the United States District Court for the District of Oregon in which he alleged, among other things, a claim for wrongful discharge in violation of Oregon common law. 2014 WL 1364971, at *1. The defendant moved for summary judgment as to

12 - OPINION AND ORDER

the plaintiff's wrongful-discharge claim on the ground that the plaintiff had an adequate statutory remedy under Texas statutes and, therefore, could not bring a claim for wrongful discharge under Oregon law. Specifically, the plaintiff asserted "Oregon's public policy, as announced in *Ness* [*v. Hocks*, 272 Or. 210 (1975)], protects [him] from termination because he sought to access workers compensation benefits [under Texas law] for an injury he suffered while working for [defendant]." *Id*., at *5. According to the plaintiff, therefore, he could bring an Oregon common-law claim for wrongful discharge. Chief Judge Ann Aiken acknowledged "Oregon's workers' compensation statute, Or. Rev. Stat. § 659A.040(1), only protects employees who apply for benefits under Oregon law" and noted the plaintiff in *Jenkins* applied for workers' compensation benefits in Texas. *Id.* Chief Judge Aiken also noted

> an adequate statutory remedy need not be found within the forum state's statutory scheme. *See, e.g., Walsh*, 278 Or. at 351-53 (Oregon common law wrongful discharge claim preempted because an adequate statutory remedy existed under federal law); *Reid v. Evergreen Aviation Ground Logistics Enters. Inc*., 2009 WL 136019, *21 (D. Or. Jan. 20, 2009) (same).
>
> Here, an adequate statutory remedy exists under Texas statute. . . . Texas, like Oregon, prohibits an employer from discharging an employee because that employee has filed a workers' compensation claim. *See* Tex. Lab. Code § 451.001. A person who is discharged in violation of Tex. Lab. Code § 451.001 can seek "reasonable damages" incurred as a result of the violation and "reinstatement in the former position of

13 - OPINION AND ORDER

> employment." Tex. Lab. Code § 451.002. These damages are nearly identical to those available under Oregon's workers' compensation statute, which has been held to preclude Oregon common law wrongful discharge claims. *Compare id.*, with Or. Rev. Stat. §§ 659A.040, 659A.885; *see also Whitley v. City of Portland*, 654 F. Supp.2d 1194, 1224-25 (D. Or. 2009).

Chief Judge Aiken, therefore, concluded the plaintiff could not bring a common-law wrongful-discharge claim in Oregon.

Similarly, New York prohibits terminating a worker for invoking the New York workers' compensation statute. Specifically, New York State Workers' Compensation Law § 120 provides in relevant part: "It shall be unlawful for any employer . . . to discharge . . . an employee . . . because such employee has claimed or attempted to claim compensation from such employer, or claimed or attempted to claim any benefits provided under this chapter." Under New York statutes an employee who is discharged in violation of § 120 may seek damages for "any loss of compensation arising out of such discrimination together with such fees or allowances for services rendered by an attorney" and "shall be restored to employment or otherwise restored to the position or privileges he or she would have had but for the discrimination." These damages and equitable relief are nearly identical to those available under the workers' compensation statute of Oregon, which courts have held is an adequate statutory remedy precluding common-law wrongful-discharge claims. *See* Or. Rev. Stat. § 659A.885 and *Whitley v. City of Portland*,

14 - OPINION AND ORDER

654 F. Supp.2d 1194, 1224-25 (D. Or. 2009).

The Court, therefore, concludes Plaintiff's wrongful-discharge claim is precluded because Plaintiff has an adequate statutory remedy for his alleged wrongful termination for invoking the New York workers' compensation provisions.

Accordingly, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's claim for wrongful discharge.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Motion (#42) for Summary Judgment.  Accordingly, this matter will proceed only as to Plaintiff's claim for failure to pay final wages in violation of Oregon's wage-and-hour laws.

The Court **DIRECTS** the parties to file **no later than June 10, 2016**, a Joint Statement advising the Court whether they are ready to proceed to trial on the existing trial schedule as follows:

    Pretrial Order and Verdict form:    July 29, 2016
    Pretrial Documents:                 August 12, 2016
    Pretrial Conference:                August 26, 2016
    3-day Jury Trial:                   August 30, 2016.

IT IS SO ORDERED.

DATED this 3rd day of June, 2016.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

15 - OPINION AND ORDER