IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH KWIECINSKI,                        3:14-CV-01512-BR

       Plaintiff,                       OPINION AND ORDER

v.

MEDI-TECH INTERNATIONAL
CORP., a Delaware
corporation,

       Defendant.


**DONALD B. POTTER**
Spaulding & Potter LLP
3236 S.W. Kelly Avenue
Suite 101
Portland, OR 97239
(503) 223-2612

       Attorneys for Plaintiff

**DANIEL J. NICHOLS**
Gordon & Rees LLP
121 S.W. Morrision
Suite 1575
Portland, OR 97204
(503) 222-1075

       Attorneys for Defendant

1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Defendant Medi-Tech International Corporation's Bill of Costs (#68). For the reasons that follow, the Court **AWARDS** costs to Defendant in the amount of **$4,267.43.**[1]

## BACKGROUND

On September 23, 2014, Plaintiff Joseph Kwiecinski filed an action in this Court against Defendant Medi-Tech International Corporation alleging claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040, failure to pay wages in violation of Oregon wage-and-hour laws, and failure to pay final wages in violation of Oregon wage-and-hour laws.

On December 15, 2014, Plaintiff filed an Amended Complaint in which he alleged claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040 and failure to pay final wages in violation of Oregon wage-and-hour laws.

On December 29, 2014, Defendant filed a Motion to Dismiss Amended Complaint for lack of personal jurisdiction and/or on the ground that venue was not proper in Oregon.

On April 17, 2015, the Court heard oral argument on

---

[1] See Exhibit 1 for the Court's calculation of costs.

Defendant's Motion.  At oral argument Plaintiff voluntarily dismissed his claim against Defendant for failure to pay final wages in violation of Oregon wage-and-hour laws, the Court denied Defendant's Motion to Dismiss for lack of personal jurisdiction, and the Court directed the parties to file simultaneous briefs on Defendant's Motion to Dismiss Plaintiff's remaining claim for workers' compensation discrimination on the basis of improper venue.

On April 27, 2015, the parties filed supplemental briefs.

On June 25, 2015, the Court issued an Opinion and Order in which it denied Defendant's Motion to Dismiss Plaintiff's remaining claim for workers' compensation discrimination.

On August 28, 2015, Plaintiff filed a Second Amended Complaint against Defendant alleging claims for workers' compensation discrimination in violation of Oregon Revised Statute § 659A.040 and wrongful discharge and revived his claim for failure to pay final wages in violation of Oregon wage-and-hour laws.

On January 29, 2016, the parties filed a Joint Concise Statement of Agreed Material Facts in which Plaintiff again withdrew his claim for failure to pay final wages in violation of Oregon wage-and-hour laws.

On February 12, 2016, Defendant filed a Motion for Summary Judgment in which it sought summary judgment as to Plaintiff's

3 - OPINION AND ORDER

remaining claims for workers' compensation discrimination in violation of § 659A.040 and wrongful discharge.

On June 6, 2016, the Court issued an Opinion and Order in which it granted Defendant's Motion for Summary Judgment. On that same day the Court entered a Judgment dismissing this matter with prejudice.

On June 20, 2016, Defendant filed a Bill of Costs.

## STANDARDS

Absent a showing of circumstances not relevant here, an award of costs is generally governed by federal law. *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum). Accordingly, the Court applies federal law to the issue of awarding costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries,

fees, expenses, and costs of special
interpretation services under § 1828 of this
title.

A bill of costs shall be filed in the case and,
upon allowance, included in the judgment or
decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation. The Supreme Court, however, has held ""taxable costs are limited by statute and modest in scope." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S. Ct. 1997, 2006 (2012). The court may not tax costs beyond those authorized by § 1920. *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

### DISCUSSION

Defendant seeks costs of $5,372.37 comprised of fees for transcripts, photocopying charges, and travel expenses. In support of its request, Defendant submits the following: the Declaration of Christopher Hawk; a list of items photocopied, transcripts ordered, and travel expenses; and copies of receipts for photocopies, transcripts, and travel expenses.

Plaintiff objects to Defendant taxing him for the cost of various deposition transcripts, photocopies of certain documents, and all travel expenses.

### I.  Transcripts.

Defendant requests $4,107.35 for court-reporter fees

incurred in obtaining various deposition transcripts and the transcript of the parties' oral argument on Defendant's Motion to Dismiss. Plaintiff objects to Defendant's request for the court-reporter fees incurred in obtaining the transcript of the parties' oral argument, the deposition transcript of Randall Walsh, and the deposition transcript of James Coyne.

### A. Transcript of Oral Argument on Defendant's Motion to Dismiss

Defendant requests $182.50 for court-reporter fees incurred in obtaining the transcript of the parties' oral argument on Defendant's Motion to Dismiss.

Plaintiff notes the Court ultimately denied Defendant's Motion to Dismiss and asserts the transcript of the oral argument on Defendant's Motion was not necessary to defend against Plaintiff's claims. The record, however, reflects Defendant requested a copy of the transcript on August 31, 2015, after Plaintiff filed his Second Amended Complaint in which he again included a claim for failure to pay final wages in violation of Oregon wage-and-hour laws even though Plaintiff withdrew that claim at the April 2015 hearing on the Motion to Dismiss. As noted, when the parties filed their Joint Concise Statement in January 2016 Plaintiff again withdrew his claim for failure to pay final wages in violation of Oregon wage-and-hour laws. In light of that fact, it seems reasonable to infer that Defendant needed the transcript of the hearing on the Motion to Dismiss to

6 - OPINION AND ORDER

confirm that Plaintiff had, in fact, waived this claim at oral argument, to confer with Plaintiff before filing the Joint Concise Statement, and to confirm that claim was, in fact, no longer part of this matter.

On this record the Court concludes Defendant properly obtained the transcript for the hearing on the Motion to Dismiss to use in defense of this action. Accordingly, the Court grants Defendant's request for $182.50 for court-reporter fees for that transcript.

### B.   Deposition Transcripts of Randall Walsh and James Coyne

Defendant requests $3,924.85 for the cost of various depositions transcripts. Plaintiff, however, objects to Defendant's request for $1,669.10 for the cost of deposition transcripts of Walsh and Coyne.[2] Defendant asserts those transcripts were "necessary to the resolution of this case and [were] cited as evidence in support of [Defendant's] motion for summary judgment." Decl. of Christopher Hawk at ¶¶ 11, 13.

Plaintiff points out that the Court did not cite the deposition testimony of Walsh or Coyne in its Opinion and Order resolving Defendant's Motion for Summary Judgment. The Court notes, however, Defendant cited the deposition testimony of Walsh and Coyne in support of its Motion for Summary Judgment.

---

[2] Plaintiff does not challenge Defendant's request for $2,255.75 for the cost of other deposition transcripts.

7 - OPINION AND ORDER

The Ninth Circuit has made clear that the fact the deposition transcripts were not ultimately used in dispositive-motion practice or at trial is not sufficient to automatically render the transcripts unnecessary. *See Aflex Corp. v. Underwriters Lab., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (Transcripts of depositions and court proceedings need not have been used at trial to be "necessarily obtained for use in the case."). Thus, the fact that the Court did not cite the deposition testimony in its Opinion and Order does not mean the Court did not consider the testimony nor that it was unnecessary for Defendant's Motion.

Plaintiff also notes Walsh and Coyne were subpoenaed by Plaintiff rather than by Defendant. Plaintiff, therefore, contends the evidence that Defendant obtained and cited from the deposition testimony of Walsh and Coyne could have been obtained by Defendant and submitted in the form of an affidavit. Although it is possible that Defendant could have obtained similar information from Walsh and Coyne and submitted it to the Court via affidavit, the record does not suggest Defendant is seeking an improper or abusive amount of costs associated with this matter, and Plaintiff does not cite any authority in this circuit that requires a party to submit information from its own employees via affidavit rather than through deposition testimony.

On this record the Court concludes Defendant properly

8 - OPINION AND ORDER

obtained the transcripts at issue and used them in its defense of this action. Accordingly, the Court grants Defendant's request for $1,669.10 for court-reporter fees for the deposition transcripts of Walsh and Coyne as well as Defendant's unchallenged request for $2,255.75 for other deposition transcripts for a total award of $3,924.85 in costs for deposition transcripts.

## II. Photocopies.

Plaintiff requests $316.69 in photocopying costs. Plaintiff objects to the costs for photocopies from MDT of Portland, Clearview MRI, and the Oregon Bureau of Labor and Industry (BOLI).

### A. Documents from MDT of Portland and Clearview MRI

Defendant requests costs of $76.50 for photocopies of documents of Plaintiff's medical treatment provided by MDT of Portland in connection with Defendant's injuries suffered in the New York car accident and for photocopies of an MRI that Plaintiff received from Clearview MRI in connection with that same accident. Defendant asserts it obtained these documents "for their potential evidentiary and cross-examination value in the case." Hawk Decl. at ¶¶ 7-8.

Plaintiff objects to Defendant's request for these costs on the ground that Plaintiff did not seek to recover damages for physical injuries resulting from the car accident.

9 - OPINION AND ORDER

This action involved only claims for violation of wage-and-hour laws, workers' compensation discrimination, and wrongful termination, none of which involved Plaintiff's physical injuries from the New York car accident. The Court agrees. Plaintiff did not seek damages for physical injuries in this matter and the claims at issue did not encompass damages for physical injuries. The Court, therefore, denies Defendant's request for $76.50 for photocopies of documents of Plaintiff's medical treatment provided by MDT and Clearview MRI.

### B.  Documents from BOLI

Defendant seeks a total of $121.04 in costs for photocopies obtain from BOLI including $40.93 for copies obtained on September 22, 2015, and $80.11 for photocopies obtained on April 5, 2016. Defendant asserts these documents were necessary "for their potential evidentiary and cross-examination value in the case." Hawk Decl. at ¶ 14.

Plaintiff does not object to Defendant's request for BOLI documents obtained on September 22, 2015. Plaintiff, however, objects to Defendant's request for the BOLI documents obtained on April 5, 2016, on the ground that they involve the investigation of an administrative complaint made by Plaintiff against a different employer in 2009, which is three years before the events in this matter.

The Court concludes Defendant has not established the

10 - OPINION AND ORDER

BOLI records prior to Plaintiff's employment with Defendant that are unrelated to any of Plaintiff's claims against Defendant were necessary for use in this matter.

Accordingly, the Court grants Defendant's request for $40.93 for photocopies of BOLI documents obtained September 22, 2015, and denies Defendant's request for $80.11 for photocopies of BOLI documents obtained April 5, 2016.

### C.  Travel Costs

Defendant seeks $948.33 in costs for defense counsel to travel to New York City "to defend the depositions of [Defendant's] representatives." The requested costs include aifare, hotel costs, mileage, parking, taxi costs, and meals. Plaintiff objects to Defendant's request for travel costs on the grounds that they are not specifically taxable pursuant to § 1920 and Defendant has not established extraordinary circumstances permitting such an award.

Courts in the Ninth Circuit, mindful of the Supreme Court's reminder in *Taniguchi* that "taxable costs are limited by statute and modest in scope," have held "'[o]rdinary attorney's travel costs for depositions, pre-trial conferences and trial, long-distance phone calls, Federal Express and local delivery service, office expenses, postage, and typing charges are not 'costs' as that term is used in 28 U.S.C. § 1920, but are in fact out-of-pocket expenses'" that may be recoverable as attorneys'

11 - OPINION AND ORDER

fees when such fees are permitted. *Carr v. Tadin, Inc.*, 51 F. Supp. 2d 970, 985 (S.D. Cal. 2014)(quoting *In re Glacier Bay*, 746 F. Supp. 1379, 1393-94 (D. Alaska 1990)). *See also Ignacio v. County of Hawaii*, No. 11-00516 SOM-BMK, 2013 WL 2405211, at *2 (D. Haw. May 31, 2013)("§ 1920 does not allow the recovery of [counsel's] travel costs."); *Ferreira v. M/V CCNI ANTOFAGASTA*, No. 2:04-cv-1916-MCE-DAD, 2007 WL 3034941, at *2 (E.D. Cal. Oct. 16, 2007)("Section 1920 does not provide for attorney travel expenses and cases have held such expenses are not taxable as costs.").

Accordingly, the Court denies Defendant's request for $948.33 in travel expenses.

## CONCLUSION

For these reasons, the Court **AWARDS** costs to Defendant in this action in the amount of **$4,267.43.**

IT IS SO ORDERED.

DATED this 25th day of August, 2016.

_____
ANNA J. BROWN
United States District Judge

12 - OPINION AND ORDER

*Kwiecinski v. Medi-Tech Int'l*
14-CV-1512-BR

**Cost Bill**

| Item | Requested Cost | Cost Disallowed | Total |
|---|---|---|---|
| Transcript of Motion to Dismiss | $ 182.50 | | $ 182.50 |
| Kwiecinski Depo Transcript | $ 1,473.65 | | $ 1,473.65 |
| Walsh Depo Transcript | $ 972.20 | | $ 972.20 |
| Fortunato Depo Transcript | $ 782.10 | | $ 782.10 |
| Coyne Depo Transcript | $ 696.90 | | $ 696.90 |
| Subtotal | $ 4,107.35 | | $ 4,107.35 |
| | | | |
| BOLI copies | $ 121.04 | $ 80.11 | $ 40.93 |
| ClaimFox copies | $ 119.15 | | $ 119.15 |
| MDT copies | $ 51.50 | $ 51.50 | $ - |
| Clearview MRI | $ 25.00 | $ 25.00 | $ - |
| Subtotal | $ 316.69 | | $ 160.08 |
| | | | |
| Travel expenses | $ 948.33 | $ 948.33 | $ - |
| | $ 5,372.37 | $ 1,104.94 | **$ 4,267.43** Total costs allowed |

**Exhibit 1**